JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Charles Henderson, appeals the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which awarded the appellee, Doris Henderson, $750 per month in spousal support until her death or remarriage. For the following reasons, we find the appellant's appeal well taken.
 {¶ 2} The parties were married on December 30, 1960, and are the parents of three children, each having reached the age of majority, the last being emancipated in 1990.
 {¶ 3} Since 1982, the parties have been separated, maintaining separate and distinct residences during that time. Moreover, neither party has provided any type of financial support to the other since their separation. The appellant is currently employed with Kodak Polychrome Graphics earning approximately $83,000 per year. In addition, he has a pension through Sherwin Williams with an approximate current value of $170 per month. At the time of the divorce, the appellee was unemployed.
 {¶ 4} On April 20, 2000, the appellee formally filed her complaint for divorce. The matter was scheduled for hearing on November 8, 2001 at which time the appellee appeared, but the appellant failed to appear. The lower court proceeded, and on November 16, 2001 issued its final judgment entry of divorce, which awarded the appellee $750 per month in spousal support and one-half interest in the appellant's pension with Sherwin Williams.
 {¶ 5} The appellant presents two assignments of error for this court's review:
 {¶ 6} "I. THE TRIAL COURT ERRED IN GRANTING SPOUSAL SUPPORT IN THE AMOUNT AND FOR THE DURATION THAT SAID SPOUSAL SUPPORT WAS ORDERED IN THIS CASE AND IN FAILING TO RETAIN JURISDICTION TO MODIFY THE ORDER."
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING SPOUSAL SUPPORT TO APPELLEE FOR LIFE OR UNTIL SHE REMARRIES AND IN FAILING TO RETAIN JURISDICTION TO MODIFY THE TERMS OF THE SPOUSAL SUPPORT AWARD, ESPECIALLY GIVEN THE FACT THAT APPELLEE WAS AWARDED ONE-HALF INTEREST IN THE APPELLANT'S RETIREMENT BENEFITS."
 {¶ 8} Having a common basis in both law and fact, the appellant's assignments of error will be addressed contemporaneously.
 {¶ 9} A trial court has broad discretion in fashioning an award ofspousal support. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24. A court should be guided by the factors listed in R.C. 3105.18(c)(1) in making the award. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. The trial court must set forth a factual basis or rationale which supports the award ofspousal support. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, at paragraph two of the syllabus. A reviewing court cannot substitute its judgment for that of the trial court unless, under the totality of the circumstances, the trial court abused its discretion. Holcomb, supra, at 131. An abuse of discretion must indicate that the trial court's attitude was unreasonable, unconscionable or arbitrary. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 10} In determining whether spousal support is appropriate and reasonable, the lower court is required to consider the factors under R.C. 3105.18(c)(1), which states:
 {¶ 11} "(c)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 12} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
 {¶ 13} "(b) The relative earning abilities of the parties;
 {¶ 14} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 15} "(d) The retirement benefits of the parties;
 {¶ 16} "(e) The duration of the marriage;
 {¶ 17} "(f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 18} "(g) The standard of living of the parties established during the marriage;
 {¶ 19} "(h) The relative extent of education of the parties;
 {¶ 20} "(I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 21} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 22} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 23} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 24} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 25} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 26} The trial court's award of spousal support may be found to be arbitrary based on the lack of support in the record for the award.Dilacqua v. Dilacqua (1993), 88 Ohio App.3d 48, 60. In the instant matter, the only findings available for review by this court are those contained in the judgment entry of the lower court. In the judgment entry, the lower court found that (1) the appellee was unemployed; (2) the appellant earned $83,000 per year; (3) the parties had a long-term marriage; and (4) the appellee raised the children and was therefore unable to develop meaningful employment outside the home. Of the four factors, only two are specifically listed under R.C. 3105.18, that being length of the marriage and that the appellee raised the parties' children.
 {¶ 27} In making an initial award of spousal support, the trial court must demonstrate that it considered all of the statutory factors.Glick v. Glick (1999), 133 Ohio App.3d 821, 830. Granted, the judgment entry notes some evidence which arguably supports the award; nevertheless, it would be inappropriate for this court to speculate on the reasoning of the lower court in reaching its determination in awarding spousal support.
 {¶ 28} In making an award of spousal support, a judge is required to consider all of the listed factors and must indicate the basis for his or her award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraphs one and two of the syllabus. In the case at hand, the judgment entry lacks any meaningful analysis to support such an award.
 {¶ 29} Moreover, the amount of the award is curious in light of the fact that the parties have been separated for over twenty years during which time the appellee did not receive any type of financial support from the appellant. Nevertheless, she managed to provide for herself and the children during that period.
 {¶ 30} Additionally, the youngest child of the parties reached majority in 1990 thereby providing the appellee with at least the last eleven years during which to obtain some sort of training, education, or opportunity in seeking gainful employment.
 {¶ 31} Last, although legally married for 40 some odd years, the parties did not have any semblance of a marriage since 1983. As such and in light of the fact that the lower court failed to accurately consider all of the listed factors and the basis for his or her award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law, Kaechele, supra, the judgment of the lower court is hereby vacated, and the matter is remanded to the lower court for further consideration.
 {¶ 32} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).